IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CYNTHIA ANN JONES, | ) | |
| | ) | |
| **Plaintiff** | ) | CIVIL ACTION NO. |
| | ) | |
| v | ) | |
| | ) | |
| PIEDMONT HEALTHCARE, INC dba | ) | |
| PIEDMONT COLUMBUS REGIONAL | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

# COMPLAINT

COMES NOW Plaintiff and respectfully shows as follows:

## INTRODUCTION

**1.**

Plaintiff, a Caucasian female was employed full-time in hospital security for Defendant since 2010 and was illegally discriminated against and experienced disparate treatment, *i.e.* termination, arising out of a common nucleus of facts, wherein a male security officer with identical duties and engaging in identical conduct was merely suspended.

**2.**

This action seeks declaratory and injunctive relief and compensatory damages and punitive damages for gender discrimination in employment pursuant

to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991.

## PARTIES

**3.**

Plaintiff Cynthia Ann Jones is a resident of Phenix City, Alabama and submits herself to the jurisdiction of this Court.

**4.**

Defendant Piedmont Healthcare, Inc. dba Columbus Regional Healthcare (hereafter "Piedmont" or simply "Defendant") is a body corporate organized under the laws of the State of Georgia and has employed more than fifteen (15) persons for each working day in each of the 20 calendar weeks in the current or preceding calendar year. Piedmont is responsible for the policies, procedures, and practices implemented through its various agents, departments, and employees, and for the injuries occasioned thereby and was Plaintiff's employer at all times material hereto. Defendant may be served through its registered agent CSC of Cobb County, Inc. at 192 Anderson Street, SE, Suite 125, Marietta, GA, 30060, USA.

## JURISDICTION AND VENUE

**5.**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), and Title I of the Civil

Rights Act of 1991. Jurisdiction is invoked under 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

**6.**

The unlawful violations of Plaintiff's civil rights were committed within the Middle District of Georgia. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as every act of which Plaintiff complains occurred in the Columbus Division of the United States District Court for the Middle District of Georgia.

**ADMINISTRATIVE PROCEEDINGS**

**7.**

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") encompassing all of the discriminatory conduct that is the subject of this Complaint [EX "A"].

**8.**

The EEOC rendered a notice of rights on October 23, 2020 [EX "B"]. This action is filed within ninety days of receipt of said notice.

**FACTS**

**9.**

Plaintiff first became associated with Defendant in 2005 as a contract security officer.

**10.**

In 2010, Plaintiff was hired as a full-time employee when Defendant formed its own hospital security unit.

**11.**

During the intervening ten years Plaintiff was an exemplary employee, never having been written up or disciplined in any way and had received regular pay increases.

**12.**

On January 27, 2020 Plaintiff's daughter's father, Raheem Hunter, was admitted through the emergency department at the hospital and died January 30, 2020.

**13.**

Hunter was unmarried and intestate but left two children including Miyah Hunter, Plaintiff's minor daughter.

**14.**

On January 28, 2020 Miyah was given such of her father's property as had been harvested upon his admission and placed in secure storage by Tracy McKinney, a security officer at the hospital, similar to Plaintiff in all material respects with identical duties and responsibilities but performing different duties that day.

**15.**

The intensive care unit nurse on duty told Miyah that she could pick up the property and Plaintiff's supervisor was informed that because Plaintiff was employed as a security officer, on duty, Plaintiff wished to avoid the appearance of impropriety.

**16.**

Plaintiff's supervisor approved Miyah's picking up the property.

**17.**

Commencing January 30, 2020 and continuing to March 12, 2020, Plaintiff was out for surgery and exercised her rights pursuant to the Family and Medical Leave Act.

**18.**

During the time Plaintiff was out of work she was contacted by a co-worker and told she was being terminated because her daughter had received her father's property.

**19.**

Raheem Hunter's brother, Salaam Hunter, then claimed he was next of kin and took the property from Miyah (she is 16 years old).

**20.**

On Plaintiff's return, she was indeed fired for violating some nebulous policy of Piedmont Healthcare, Inc., the entity doing business as Piedmont Columbus Regional Piedmont of which she was unaware.

**21.**

Plaintiff's fellow security guard who actually gave Miyah the possessions was subject to the same personal property protocols as Plaintiff, was not fired but was only suspended.

**22.**

Charles Moffett, the security officer that was disciplined because he participated in violation of this "policy" was male.

**23.**

Plaintiff was treated more harshly than Moffett as part of the same facts giving rise to the discharge of Plaintiff.

**24.**

The illegal discriminatory conduct of Defendant was deliberate and intentional, and Plaintiff should be compensated to the top tier of Title VII compensatory and punitive damages available to punish Defendant and discourage repetition of the egregious, vexatious and burdensome conduct set forth, *supra*.

## COUNT I
## GENDER DISCRIMINATION-42 USC § 2000e-2(a)(1), et seq.

**25.**

Defendant's disparate treatment of Plaintiff, because of her sex, in discharge, alters terms and conditions and privileges of employment, and the conduct violates the statutory provisions and protections of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**26.**

Because Defendant has deliberately engaged in unlawful discrimination as against Plaintiff, pursuant to 42 U.S.C. § 2000e, *et seq*., Plaintiff is entitled to:

   a.  Back pay; Wages; Raises; vacation and sick pay; bonuses; lost overtime pay; cost-of-living increases; medical and parking benefits; group life insurance contributions; profit-sharing benefits and retirement or pension benefits;

   b.  Compensatory damages for anxiety, frustration, anger, fear of the unknown, demoralization, inconvenience, disappointment, worry, aggravation, grief, chagrin, mental anguish and other non-economic damages;

   c.  Punitive damages in an amount reasonably calculated to punish Defendant for its intentional and deliberate discrimination as set forth, *supra* in the amount of $300,000, as Defendant has in excess of 500 employees;

  d. An award to Plaintiff for reasonable attorneys' fees and costs, 42 U.S.C. § 2000e-5(k); and

  e. An award of costs and expenses of litigation.

WHEREFORE, Plaintiff respectfully prays as follows:

  a) That Summons issue and Defendant be served as by law provided;

  b) That Plaintiff be awarded declaratory judgment that Defendant violated 42 U.S.C § 2000e-2(a)(1), *et seq.*;

  c) That this Court enter a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of 42 U.S.C § 2000e-2(a)(1), *et seq*;

  d) That Plaintiff be awarded judgment in her favor with respect to all contentions in her Complaint;

  e) That Plaintiff be awarded actual damages as proven at trial, including back pay and benefits;

  f) That Plaintiff be awarded compensatory damages for anxiety, frustration, anger, fear of the unknown, demoralization, inconvenience, disappointment, worry, aggravation, grief, chagrin, mental anguish and other non-economic damages;

  g) That Plaintiff be awarded punitive damages in an amount to be determined by a jury at trial to be sufficient to prevent such conduct as alleged herein from occurring in the future and commensurate with the harm done to

Plaintiff the amount of $300,000 inclusive of amounts for damages set forth in f) above;

    h) That Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

    i) That all issues triable by jury be tried by a jury;

    j) That all costs of this action be taxed to Defendant; and

    k) For such other and further relief as unto this Court may seem just and equitable in the premises.

Respectfully submitted this 14th day of December 2020.

                                        */s/ John W. Roper*
                                        John W. Roper
                                        Georgia Bar No: 614159

The Roper Law Firm
233 12th Street, Suite 602
Columbus, Georgia 31901
(706) 596-5353
Fax: (706) 780-1014
johnroper@roperlaw.com